## No. 10,598.

## ANDREWS *v.* INDUSTRIAL COMMISSION, ET AL.

Decided June 4, 1923.

Proceedings under the workmen's compensation act. Judgment for claimant.

*Affirmed.*

1. WORKMEN'S COMPENSATION—*Findings—Award.* The contention that the findings of the industrial commission do not support the award, overruled.

2. *Evidence—Sufficiency.* The weight and sufficiency of the evidence in workmen's compensation cases are for the industrial commission, whose findings thereon will not be disturbed on review.

3. *Findings—Sufficiency.* Although the findings of the industrial commission may be defective, if the facts upon points not covered are undisputed, the award will not be disturbed on the ground of insufficient findings.

4. *Failure of Employe to Secure Medical Aid.* An employer can not complain of the failure of his employe to secure medical treatment for an accidental injury where the evidence fails to show it was of such a serious nature as to demand the attention of a physician, and where there was no written request for an examination.

5. *Infection—Accident.* Infection following an injury held to be an accident as defined by the workmen's compensation act.

6. INDUSTRIAL COMMISSION—*Findings.* Findings on disputed questions resting in the sound discretion of the industrial commission will not be disturbed on review.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. M. H. KENNEDY, for plaintiff in error.

Mr. RUSSELL W. FLEMING, attorney general, Mr. JOSEPH P. O'CONNELL, assistant, for defendants in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

IN an adjudication before the Industrial Commission the claim of Elmer Backman against James H. Andrews (Hereinafter referred to as defendant) was allowed and the district court affirmed the award.   The material portion of the Commission's findings and award reads as follows:

"That the claimant, Elmer Backman, sustained an accidental injury on the 14th day of February, 1922, while in the employ of the respondent, James H. Andrews * * *.

That the injury so sustained by the claimant was caused by a jar or bruise on the right hand while engaged in excavating work and digging in frozen ground.   That the bruise occasioned thereby became infected, and as a result of such accidental injury it became necessary to amputate claimant's index finger   *   *   *."

It is here contended that the Commission in making such findings and award acted without and in excess of its powers, and that the findings do not support the award for the reason that the uncontroverted evidence shows that the injury was not the proximate result of an accident arising out of and in the course of Backman's employment, but was due to claimant's willful violation of the rules of his employer and neglect to avail himself of medical treatment.

The findings of fact so clearly support the award and are within the powers of the Commission, if there be any evidence in support of them, that their discussion from any other standpoint is superfluous.

There are conflicts in this evidence.   Even Backman's testimony is distinguished by uncertainty and inconsistency, but these things are insufficient to justify a reversal. It is said that "his irresponsible answers and his evasiveness brands his claim as an imposition upon the respondent and the Industrial Commission."   Possibly so, but the

truth thereof was for the Commission not the court.

It is contended that the findings of the Commission are insufficient. That they are defective can not be questioned. But upon points not covered by the findings the facts are undisputed hence the award will not, for such defect, be disturbed. *Prouse v. Industrial Commission,* 69 Colo. 382, 384, 194 Pac. 625.

Plaintiff long neglected to obtain medical aid for the injury in question notwithstanding the suggestion of defendant's foreman that he do so, but during that time the evidence fails to show that it appeared of such a serious nature as to demand the attention of a physician. Defendant made no written request for an examination as provided by the Workmen's Compensation Act. L. 1919, p. 733, § 81. Whether the employee's conduct in this particular shall affect the award is a matter within the discretion of the Commission. Id.

It is urged that the injury here, in question and the consequent infection was not an accident as defined by the Workmen's Compensation Act. The contrary is established by well considered authority. *Lloyd v. Sugg & Co.,* 1 Q. B. (1900) 486; Bradbury's Workmen's Compensation (3rd Ed.) 611, par. 19.

The most that can be said in the instant case is that all disputed questions rested within the sound discretion of the Commission and its findings will not be disturbed.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE DENISON sitting for MR. JUSTICE ALLEN concur.